IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAFAEL RAMON-MOLINA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING PETITION<br><br><br>Case No. 2:14-CV-671 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion for Leave to Proceed In Forma Pauperis. For the reasons discussed below, the Court will deny the Motion and dismiss the Petition as moot.

## I.  BACKGROUND

Petitioner was charged in this Court with possession with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine. Petitioner was sentenced to a period of 57 months in the custody of the Bureau of Prisons.

On September 16, 2014, the Court received from Petitioner a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Though less than clear, Petitioner seems to seek a one-year reduction of his sentence based on a recent amendment to the United States Sentencing Guidelines. Petitioner also appears to seek a return of good-time credits. More generally, Petitioner complains about the company that runs the facility in which he was incarcerated and seeks an investigation into that entity.

At the same time he filed his Petition, Petitioner filed a Motion for Leave to Proceed in Forma Pauperis.  On October 2, 2014, the Chief Deputy Clerk sent Petitioner a letter requesting additional information from him in order to process his application to proceed without paying a filing fee.  The Court never received a response to that letter.  However, Petitioner did file an Inmate Withdrawal Form, which appears to indicate that he attempted to transfer funds to the Court to pay his filing fee.  Petitioner has since been released from federal custody.

## II.  DISCUSSION

28 U.S.C. § 2241(c)(1) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody . . . ."[1]  "However, the fact that [Petitioner] is no longer in custody does not automatically moot [his] petition because he was in custody at the time of filing."[2]  The Petition is not moot if

> (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.[3]

Having carefully reviewed the Petition, the Court finds that none of the exceptions to the mootness doctrine apply here.  The only possible mootness exception concerns the potential secondary or collateral injuries that might result because Defendant is on supervised release now that he has been released from custody.  However, the relief he seeks—a sentence reduction, a return of good-time credits, and an investigation into the company that ran the facility in which

---

[1] 28 U.S.C. § 2241(c)(1).

[2] *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002).

[3] *Id.* at 1257.

he was incarcerated—would have no effect on his current term of supervised release.[4]

Therefore, the Petition is moot and must be dismissed.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is DENIED.  It is further

ORDERED that the Petition is DISMISSED as moot.

The Clerk of the Court is directed to close this case.

DATED this 17th day of February, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[4] *See Rhodes v. Judiscak*, 676 F.3d 931, at 935 (10th Cir. 2012); *James v. Outlaw*, 142 F. App'x 274, 275 (8th Cir. 2005).